FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
3003 North Central Avenue
Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5000
Email:  rharris@fclaw.com

Attorneys for Plaintiff
Stinger Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stinger Systems, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Taser International, Inc., a Delaware corporation,<br><br>Defendant. | No. _____<br><br>**COMPLAINT** |

Plaintiff Stinger Systems, Inc., ("Stinger") alleges:

**JURISDICTION AND VENUE**

1.  Stinger is a Nevada corporation with its principal place of business in Florida.

2.  Taser International, Inc. ("Taser") is a Delaware corporation with its principal place of business in Arizona.

3.  This Court has original subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. §§ 1121, 1125(a) (the Lanham Act), 28 U.S.C. § 1338(a) and (b) (trademark and unfair competition) and 28 U.S.C. § 1367 (supplemental jurisdiction).  In addition, this is a controversy between citizens of different states and the amount in

controversy exceeds $75,000. This Court has diversity jurisdiction under § U.S.C. § 1332(a)

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as Defendant Taser has its principal place of business in Scottsdale, Arizona.

## NATURE OF THE DISPUTE

5. Defendant Taser has manufactured, used and sold electronic control devices (ECDs) in Arizona and elsewhere in competition with Stinger.

6. Attached as Exhibit A is a preliminary study by the National Institute of Justice (the "NIJ Study") which claims to make product to product comparisons between Taser's X26 product and Stinger's competing S-200 products.

7. The NIJ Study makes claims related to the Stinger S-200 product are false or create a false impression, including:

    A. "The majority of people reported a much lower level of incapacitation when hit with the Stinger S200 in comparison to the Taser X26".

    B. "The Stinger S200 probe frequently broke free from their barbs in the target".

    C. "The Stinger S200 system also had problems with tangled lead wire".

    D. "The Stinger S200 … probes had a problem reaching the target".

    E. "The Stinger S200 probe penetrates deeply at close distances but lost ability to penetrate targets over greater distances."

    F. "In a separate test a number of cartridges were dropped from a height or four feet to determine their survivability … fourteen out of twenty Stinger cartridges were damaged upon impact with a carpeted floor."

8. Both the NIJ and Taser have been advised the Stinger weapon tested is no longer sold by Stinger; consequently, the analysis and comparison is not valid or current. See Exhibit B attached. The NIJ has not yet released the study in final form.

9. Notwithstanding notification that the NIJ Study is not accurate with regard to

the Stinger S200 as it is currently designed, Taser continues to republish the preliminary study to customers and potential customers, including the Chicago Police Department. Consequently, even though Stinger was the low bidder to the City of Chicago, the NIJ letter was cited as a basis for not awarding the contract to Stinger.

10. The NIJ Study actually acknowledged receiving replacement weapons and cartridges from Stinger for which performance "was much improved". *See, e.g.*, NIJ Study at 37.

11. Taser's publication of the NIJ Study deceives or has a tendency to deceive a substantial segment of the audience. Potential customers falsely believe that the NIJ Study is final and relates to the Stinger S200 as currently designed. Republication by Taser appears intended to deceive potential customers.

12. In particular, the combination of statements in the NIJ Study have a tendency to deceive a significant portion of their audience by implying that Stinger's S-200 as currently produced is less effective at incapacitating targets than the Taser X26.

## COUNT ONE

## (False Advertising)

13. Stinger incorporates by reference paragraphs 1-12 of this Complaint.

14. The NIJ Study makes false or misleading product to product comparisons between Taser's X26 and Stinger's competing S-200.

15. The NIJ Study contains false or misleading statements of fact about the S-200 as currently designed.

16. These false statements of fact are republished and communicated by Taser to law enforcement officers to induce consumers to buy Taser product rather than the Stinger S200.

17. The false statements of fact either have actually deceived or have a tendency to deceive a substantial segment of their audience. Such deceptions are material in that

1  they have influenced purchasing decisions and are likely to influence purchasing
2  decisions.

3      18.    Taser has caused the false statements to enter interstate commerce. As a
4  result of Taser's conduct, Stinger has been and is likely to be injured in violation of 15
5  U.S.C. § 1125(a).

6      19.    Taser knew or should have known the NIJ Study is misleading to a
7  substantial number of consumers.

8      20.    Recently, Taser provided the NIJ Study to the Chicago Police during a
9  comparative evaluation for potential purchase of Taser's X26 and Stinger's S200.

10      21.    Taser's conduct here caused loss of goodwill and loss of sales to Stinger.

11      22.    Taser's actions alleged are willful and exceptional warranting an award of
12  enhanced damages and attorneys' fees.

13      WHEREFORE, Stinger prays for judgment awarding:

14      A.    Preliminary and permanent injunctive relief prohibiting Taser's false
15  advertising.

16      B.    Compensatory damages in an amount sufficient to compensate Defendant
17  Stinger for the injuries proximately caused by Plaintiff's conduct.

18      C.    Enhanced or punitive damages in an amount sufficient to deter Plaintiff
19  Taser from engaging in such conduct.

20      D.    Attorneys' fees and costs pursuant to applicable law.

21      E.    Such further and other relief as the Court deems just and proper.

22      **COUNT TWO**
23      **(Unfair Competition)**

24      23.    Stinger incorporates herein the allegations contained in paragraphs 1-19 above.

25      24.    The conduct of Taser as described above, and in particular Taser's false
26  advertising, constitute unfair competition.

25. By reason of these acts of unfair competition, Stinger has suffered immediate and irreparable harm and injury and will continue to so suffer unless Taser is enjoined from such activities by Order of this Court.

26. By reason of Taser's acts of unfair competition, Stinger has incurred and will continue to incur damages in an amount presently undeterminable, but to be determined by the evidence presented at trial.

27. Taser's conduct evidences an evil hand guided by an evil mind and outstrip the bounds of decency, fairness, and fair competition. Taser's conduct is such that the Court is justified in assessing damages in an amount sufficient to deter Taser from engaging in such conduct in the future.

28. Stinger is therefore entitled to an award of punitive damages in an amount to be determined by the Court.

WHEREFORE, Stinger prays for judgment awarding:

1. Preliminary and permanent injunctive relief prohibiting Taser's false advertising.

2. Compensatory damages in an amount sufficient to compensate Defendant Stinger for the injuries proximately caused by Plaintiff's conduct.

3. Enhanced or punitive damages in an amount sufficient to deter Plaintiff Taser from engaging in such conduct.

4. Attorneys' fees and costs pursuant to applicable law.

5. Such further and other relief as the Court deems just and proper.

**COUNT THREE**

**(Injurious Falsehood)**

29. Stinger incorporates herein the allegations contained in paragraphs 1 to 28 of this Complaint.

30. Taser has represented or implied to customers and potential customers of

1  Stinger that the NIJ Study is final and relates to the current design of the S200. This
2  representation is false and injurious to Stinger.

3      31.    Taser knew that these representations were false or acted in reckless disregard
4  of the truth or falsity of these representations.

5      32.    Taser intended its republication of these false representations to cause pecuniary
6  loss to Stinger and recognized that pecuniary harm was likely to result. Taser intended their
7  false representations to be understood in a disparaging sense, and the statements are such that a
8  reasonable person would understand them as disparaging the quality of Stinger's S200.

9      33.    The false representations were a substantial factor in bringing about pecuniary
10 loss to Stinger. Taser's disparaging representations have been a substantial factor in
11 preventing potential customers from purchasing the S200; thereby preventing Stinger from
12 realizing sales to prospective customers, and requiring Stinger to devote time and other
13 resources to dispelling the false representations published by Taser.

14     34.    Stinger is informed and believes that Defendants will continue to publish these
15 disparaging misrepresentations to potential customers now unknown to Stinger, thereby
16 causing further irreparable injury for which Stinger has no adequate remedy at law.

17     35.    Taser's conduct was intentional, willful and committed with an evil mind.

18 WHEREFORE, Stinger prays for judgment against Taser as follows:

19     A.    For interlocutory and permanent injunctive relief prohibiting Taser and those
20 acting in concert with them from representing that the NIJ Study pertains to the current S200.

21     B.    For compensatory damages in the amount of the pecuniary loss directly and
22 immediately resulting from the effect of Taser's conduct on actual and potential customers.

23     C.    For compensatory damages in the amount of the expenditures necessary to
24 counteract the false representations, including the costs and attorneys fees incurred herein.

25     D.    For punitive damages.

26     E.    For such further relief as the Court deems proper.

FENNEMORE CRAIG, P.C.
PHOENIX

2053581.1/19862.001

1 **Jury Demand**

2 Stinger demands all issues that are triable by a jury be so decided in this case.

3 DATED this 18th day of April, 2008.

4           FENNEMORE CRAIG, P.C.

6           By *s/Ray K. Harris*
             Ray K. Harris
             Attorneys for Plaintiff
             Stinger Systems, Inc.